J-S26026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER CLARENCE YELVERTON | |
| Appellant | No. 3384 EDA 2014 |

Appeal from the Judgment of Sentence entered October 23, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0001105-2014

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED JUNE 20, 2016**

Appellant, Christopher Clarence Yelverton, appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County on October 23, 2014 following his convictions of possession of a firearm, carrying a firearm without a license, and possession of a controlled substance.[1]  Upon review, we affirm.

The trial court summarized the relevant facts as follows.

On September 27, 2013, Defendant Christopher Clarence Yelverton was arrested by Pennsylvania State Troopers Preston Gray and Jeffrey Hand, and charged with Manufacture, Delivery or Possession with Intent to Deliver, Theft by Unlawful Taking,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S.A. § 6105(a)(1), 6106(a)(1), and 35 P.S. § 780-113(a)(16).

Receiving Stolen Property, Possession of a Firearm, Firearms Not to be Carried Without a License, Possession of a Controlled Substance and two summary motor vehicle offenses, Driving Without a License and Disregard of Traffic Lane.[2]

The matter was fixed for trial on October 20, 2014. On the day of trial, the Commonwealth withdrew Counts Two (Theft by Unlawful Taking) and Three (Receiving Stolen Property). A Suppression Hearing preceded a waiver trial, and this [c]ourt upheld the search and seizure of the quantity of marijuana and a firearm found in a bag in the trunk of the vehicle which defendant was driving, and which was titled in the name of his passenger, Tyrickah Cooper. The [c]ourt sustained the suppression motion on certain statements and the case proceeded to a waiver trial on the same day. . . .

. . . .

At the conclusion of the Suppression Hearing, we made the following findings of fact and conclusions of law (in part):

> . . . On September 27, 2013 shortly after midnight [Appellant] was operating a motor vehicle in Bensalem Township when he was observed by Troopers Gray and Hand, Pennsylvania State Police.
>
> [] The court observed on a video the driving of the vehicle by the person who turned out to be [Appellant] of the Chevy Malibu and observed what the [c]ourt believes was erratic driving from the far right side of the lane in which he was operating his vehicle in rapid motion to the left side of the lane in which he was operating his vehicle, on both occasions crossing the solid white line that delineated the lane that he was in.

Trial Court Opinion, 10/14/15, at 1-2 (footnotes omitted).

_____

[2] Respectively, 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 3921(a), 3925(a), 6105(a)(1), 6106(a)(1), 35 P.S. § 780-113(a)(16), 75 Pa.C.S.A. § 1501(a), 3309(1).

On appeal, Appellant raises only one issue: "Did the trial court err in failing to suppress physical evidence that was discovered after an unconstitutional traffic stop?" Appellant's Brief at 4.

In reviewing a challenge to an order denying suppression of evidence, our standard of review is limited to determining

> whether [the trial court's] factual findings are supported by the record and whether [its] legal conclusions drawn from those facts are correct. When reviewing the rulings of a [trial] court, the appellate court considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. When the record supports the findings of the [trial] court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Griffin*, 116 A.3d 1139, 1142 (Pa. Super. 2015) (citation omitted). Our scope of review is limited to the evidence presented at the suppression hearing. *In the interest of L.J.*, 79 A.3d 1073, 1088-89 (Pa. 2013).

When the detention of a driver cannot serve an investigatory purpose, this Court has clarified the quantum of cause necessary for an officer to stop a vehicle as follows.

> In such an instance, it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the [Motor Vehicle] Code.

*Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (citation and quotation marks omitted).

Appellant argues only that "[t]he Pennsylvania State Police did not have probable cause to effect a traffic stop on the vehicle that Appellant was operating." Appellant's Brief at 7. Appellant alleges that the police needed to have probable cause to initially stop Appellant, as the basis for the stop was an alleged violation of 75 Pa.C.S.A. § 3309(1), an offense for which no further investigation is necessary.[3] Appellant's Brief at 9. Accordingly, our current analysis is limited to the legality of the initial traffic stop.

At the suppression hearing, Trooper Jeffrey Hand testified that the abrupt swerve made by Appellant's vehicle out of its lined lane of travel around 12:10 a.m. led him to believe Section 3309 of the Motor Vehicle Code had been violated. N.T. Suppression Hearing, 10/20/14, at 6-11. The trial court, as a part of the suppression hearing, observed the video of the Appellant's driving and concluded that the driving was "erratic". As stated, the trial court noted Appellant's vehicle moved from the far right side of the lane in "rapid" motion to the left side of the lane crossing the solid white line

_____

[3]     Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply:

> **(1)  Driving within single lane.--**A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S.A. § 3309(1).

that delineated the lane in which he was traveling. Whether an officer possesses probable cause to stop a vehicle for a violation of this section depends largely upon on whether a driver's movement from his lane is done safely. **Commonwealth v. Cook**, 865 A.2d 869 (Pa. Super. 2004), citing **Commonwealth v. Gleason**, 785 A.2d 983 (Pa. 2001). Based on the record of the suppression hearing, we conclude the trooper articulated specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that Appellant was driving unsafely outside of his lane of travel in violation of Section 3309(1). Appellant was driving erratically and swiftly moving from the right side of his lane to the left side crossing the white lane delineators each time. As such, the record supports the trial court's factual findings and its determination that the stop was based on probable cause. N.T. Suppression Hearing, 10/23/14, at 55. The initial traffic stop of Appellant's vehicle was therefore lawful, and Appellant's argument fails. **Cf. Gleason** (crossing the solid white fog line two times by six to eight inches over a distance of approximately one quarter mile, did not establish probable cause of a violation of Section 3309(1)).

As Appellant is not entitled to relief on his only issue raised on appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2016